**ALLSTATE INSURANCE COMPANY,**
**Appellant (Intervenor–Plaintiff Below),**

v.

**Charles R. HERMAN and Charles R. Herman, Jr., Appellees (Plaintiffs Below),**

**and**

**Steven Heroy, Appellee (Defendant Below).**

No. 71A03–8901–CV–5.

Court of Appeals of Indiana, Third District.

Aug. 24, 1989.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for appellant.

Thomas H. Singer, South Bend, for appellees Charles R. Herman and Charles R. Herman, Jr.

GARRARD, Presiding Judge.

Intervenor/plaintiff-appellant Allstate Insurance Company brings an interlocutory appeal. Allstate argues that the trial court erred in denying its motion for summary judgment.

The facts relevant to this appeal disclose that on July 14, 1984 a fight broke out between Heroy, his wife, and a gang of approximately 20 to 30 people in front of Heroy's house. Heroy freed himself and ran into the house and got his wife's gun. He went outside on his porch and shot one shot into the air causing the gang of people to start running away. Heroy began chasing the people and then fired the remaining four shots in the general direction of the crowd. Charles Herman, Jr. was hit in the back by one of the shots fired by Heroy.

Allstate intervened in the action against Heroy, brought by Herman and his father, for purposes of filing a complaint for declaratory judgment based upon the intentional act exclusion of the insurance policy covering Heroy. Allstate's motion for summary judgment was denied by the trial court.

The Court of Appeals stands in the shoes of the trial judge when reviewing the grant or denial of a summary judgment motion. *Boucher v. Exide Corp.* (1986), Ind.App., 498 N.E.2d 402. On review of a denial of summary judgment the court must ascertain whether there is any genuine issue of material fact. Further, any doubt about the existence of such must be resolved against the moving party. *City of Gary v. Cox* (1987), Ind.App., 512 N.E.2d 452.

The Allstate homeowner's insurance policy which, under certain circumstances, provides insurance coverage for Heroy contained an intentional act exclusion which states: "We do not cover bodily injury or property damage intentionally caused by an insured person."

The court in *Home Ins. Co. v. Neilsen, et al.* (1975), 165 Ind.App. 445, 332 N.E.2d 240 defined "caused intentionally" as used in an exclusionary clause in a homeowner's policy. Three definitions were urged upon the court:

(1) Intentional refers to the volitional act which produces injury. If the insured intentionally did the act, the resulting injury is intentional and not accidental for purposes regarding the policy.

(2) Intentional refers to the result achieved. Only where the insured intended to inflict the precise injury or degree of injury which in fact resulted should the injury be considered as not accidental.

(3) Intentional is more demanding than (1) but not so difficult of proof as (2). It refers instead to the volitional performance of an act with an intent to cause injury, although not necessarily the precise injury or severity of damage that in fact occurs.

165 Ind.App. at 448, 332 N.E.2d at ·242.

The court refused to accept definition (2), intention qua result, as a reasonable interpretation. It stated that neither intent qua the act, definition (1), nor the intent to cause harm, definition (3), can be deemed unreasonable in light of public policy which recognizes the public benefit from liability insurance and yet dictates that a person should not be permitted to insure against harms he may intentionally and unlawfully cause others, and thereby acquire a license to engage in such activity. *Home Ins., supra,* 165 Ind.App. at 450–51, 332 N.E.2d at 244.

Accordingly, the court held that the policy excludes coverage for an intentional act of the insured which was intended to cause injury. The latter intent may be established either by showing an actual intent to injury, or by showing the nature and character of the act to be such that intent to cause harm to the other party must be inferred as a matter of law. *Home Ins., supra,* 165 Ind.App. at 451, 332 N.E.2d at 244.

We find the evidence in this case at the time the motion was ruled on falls short of either showing. There was no direct evidence that Heroy intended to shoot Herman or any member of the crowd.

Heroy stated that he was confused, that he did not know where the shots went, that he was "just aiming in the general direction of where they was at," and "it was like up in the air, but it was toward them."

To merely say the gun was pointed in the general direction of the crowd requires a choice among inferences such that we cannot say that as a matter of law intent to cause harm *must* be inferred. The question was therefore inappropriate for summary judgment and Judge Montgomery correctly so ruled.

Affirmed.

STATON, J., concurs.

HOFFMAN, J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent.

The court in *Home Ins. Co. v. Neilsen et al.* (1975), 165 Ind.App. 445, 332 N.E.2d 240, held that intent could be established by showing the nature and character of the act to be such that intent to cause harm to the other party must be inferred as a matter of law.

The facts relevant to this case revealed that Heroy chased the group of people and fired four shots in the general direction of the crowd. One of the shots hit Charles Herman, Jr. in the back.

Two cases which have analogous fact situations are *Kraus v. Allstate Insur. Co.* (W.D.Pa.1966), 258 F.Supp. 407 and *Auto–Owners Insurance Co. v. Smith* (1985), Minn.App., 376 N.W.2d 506. In *Kraus,* the insured was held to have intended to cause injury when he set off a dynamite charge in his car intending to kill his wife and himself, but also injuring third parties. The court stated that setting off dynamite in a crowded urban area will of necessity injure bystanders raising the inference that the insured intended to harm anyone nearby. *Indiana Lumbermens Mut. Ins. Co. v. Brandum* (1981), Ind.App., 419 N.E.2d 246, 248.

In *Auto–Owners,* the defendant fired four shots into a lower level of a house to scare a man, Dupey. However, one of the shots killed Dupey's mother who was sleeping on the couch in the living room. The court affirmed summary judgment in favor of the insurer stating:

"The record is devoid of any evidence that Smith had actual intent to inflict injury. Shooting into a house known to be occupied by people, however, is an egregious act, and intent to injure may be inferred as a matter of law." 376 N.W.2d at 510.

Similarly, Heroy committed an egregious act. Firing four shots in the general direction of a crowd will of necessity injure someone in that crowd. The nature and character of Heroy's act are such that intent to cause harm must be inferred as a matter of law. Allstate's motion for summary judgment should be granted.