**ALLSTATE INSURANCE COMPANY, Appellant,**

v.

**Charles R. HERMAN and Charles R. Herman, Jr., Steven Heroy, Appellees.**

No. 71S03–9003–CV–218.

Supreme Court of Indiana.

March 22, 1990.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for appellant.

Thomas H. Singer, South Bend, for appellees Charles R. Herman and Charles R. Herman, Jr.

GIVAN, Justice.

This is an interlocutory appeal in which appellant claims the trial court erred in denying its motion for summary judgment. The Court of Appeals affirmed the trial court. *Allstate Ins. Co. v. Herman* (1989), Ind.App., 542 N.E.2d 576 (Hoffman, J., dissenting).

The facts are: On July 14, 1984, a fight broke out between Heroy, his wife, and a group of approximately 20 to 30 people in front of Heroy's house. In the melee, Heroy suffered a "split head" and a dislocated shoulder. When he saw one of the group striking his wife in the head with a baseball bat, he ran into the house, obtained his wife's gun (a .32 caliber revolver which was loaded with five bullets), and from his porch fired a shot into the air, whereupon the group began running from the premises.

Heroy chased the group and fired the four remaining shots in the revolver in the direction of the fleeing group. Charles Herman, Jr. was struck in the back by one of the shots fired by Heroy. The Hermans filed a civil action against Heroy. Heroy

carried a homeowner's policy with Allstate Insurance Company.

Allstate intervened and requested summary judgment on the ground their policy excluded the intentional acts of the insured. The trial court denied Allstate's motion for summary judgment and the Court of Appeals, by a two to one decision, affirmed the trial court. We grant transfer, reverse the trial court, and order summary judgment in favor of Allstate.

The Court of Appeal's majority opinion cites *Home Ins. Co. v. Neilsen, et al.* (1975), 165 Ind.App. 445, 332 N.E.2d 240 in which case the insured, during a dispute between neighboring farmers, struck his neighbor with his fist. The Court of Appeals correctly ruled that the trial court in that case had erred in refusing summary judgment, reversed the trial court, and ordered summary judgment for the insurance company in view of their intentional act exclusion in their policy. That opinion was authored by the same judge in the Court of Appeals as the majority opinion in the case at bar.

However, Judge Garrard seeks to distinguish the two cases by holding that in *Neilsen* it was clear by the evidence that the insured deliberately struck his neighbor in the face with his fist, thus bringing him clearly within the insurance policy exclusion. In the case at bar, he holds that there was no direct evidence that Heroy intended to shoot Herman or any member of the crowd.

When we examine the record and read Heroy's deposition, we find his testimony to be that he deliberately obtained his wife's gun, and when he first emerged on the porch, he fired the gun into the air although he knew the gun was loaded with five shells. When the group of people started to flee the scene, Heroy pursued them. He testified that he fired the four remaining shots while aiming in the general direction of the group of people.

When he was asked the specific question:

"Q.. So you did not intend to harm or injure Charles Herman, Jr., did you?"

A. Well, I don't know. I intended to hurt somebody, I guess, if I emptied the pistol." At this point the record contains a statement in brackets. [After reading his deposition, Steven Heroy changed this testimony to read as follows: "I don't know what I intended. Everything happened so fast. I don't know if I intended to hurt anyone. I just emptied the pistol."]

When questioned further in this regard and asked if he accidentally shot Herman, he gave an equivocal answer. The next question was:

"Q. Are you saying you intentionally shot him?"

A. I intentionally shot the gun. I didn't accidentally shoot the gun. I pulled the trigger, and I emptied the gun."

There can be no doubt from the evidence in this case that Heroy deliberately fired four shots into a crowd of fleeing people of which Herman was a member. Although there is no evidence he intended to specifically shoot Herman, he certainly had the intention of shooting into the fleeing crowd with the intent "to hurt somebody."

As the court correctly held in *Neilsen*, the word intentional "refers instead to the volitional performance of an act with an intent to cause injury, although not necessarily the precise injury or severity of damage that in fact occurs." *Id.* at 448, 332 N.E.2d at 242. We cannot join the Court of Appeals in distinguishing *Neilsen* from the case at bar.

This case is analogous to *Auto–Owners Insurance Co. v. Smith* (1985), Minn.App., 376 N.W.2d 506. In that case, the insured deliberately fired four shots into the lower level of a house with the intent to scare the occupant of the house. The Minnesota court observed:

"The record is devoid of any evidence that Smith had actual intent to inflict injury. Shooting into a house known to be occupied by people, however, is an egregious act, and intent to injure may be inferred as a matter of law." *Id.* at 510.

We hold that, as a matter of law, when Heroy intentionally fired a gun into the fleeing crowd, of which Herman was a part, he was deliberately committing an act which any reasonable person would deem calculated to cause injury. Allstate's exclusionary clause as to intentional acts by the insured entitled them to a summary judgment as a matter of law.

This case is reversed and remanded to the trial court with instructions to enter summary judgment in favor of Allstate Insurance Company.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

This is a case which should be entrusted to a jury. Summary judgment practice was never intended to warrant the type of fine-line decision-making which is evident in the majority opinion. As correctly acknowledged, the question here is not whether Heroy, appellant's insured, deliberately and intentionally fired the shots from his gun which injured Mr. Herman, but is instead whether, while so firing his gun, Heroy had the actual intent to injure someone. *Home Ins. Co. v. Neilsen* (1975), 165 Ind.App. 445, 332 N.E.2d 240. There is evidence that the first shot which Heroy fired from his porch in the direction of the crowd was in the air, thereby evidencing an intent to scare or frighten. Within moments, he pursued the fleeing persons and continued firing, striking Mr. Herman. The direct evidence of Heroy's state of mind is comprised of two conflicting statements: "I intended to hurt someone, I guess, if I emptied the pistol," and "I don't know what I intended. Everything went so fast." Surely, with this evidence and the reasonable inferences which it permits of Heroy's state of mind before it, the majority of this Court selects between competing permissible inferences, namely, (1) that after leaving the porch, appellant formed a new intent which was to injure someone, and (2) that after leaving the porch the intent to only scare or frighten continued.

Heroy's state of mind after leaving the porch is a material fact about which there is a genuine issue which should be resolved by a trier of fact. The trial court was therefore correct in denying summary judgment and should be affirmed.

DICKSON, J., concurs.