Susan COY, individually and as biological mother of Melissa K. Coy, deceased, John Doe Coy, individually and as biological father of Melissa K. Coy, deceased, Daniel Adams, Robert Adams and Evelyn Adams, Appellants–Defendants,

v.

NATIONAL INSURANCE ASSOCIATION, Appellee–Plaintiff.

No. 49A04–9609–CV–355.

Court of Appeals of Indiana.

Aug. 27, 1997.

John D. Boren, Noren & Oliver, Martinsville, for Appellants–Defendants.

James W. Treacy, Treacy Grossman & Sullivan, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

The Majority, Judge Chezem and Judge Riley, has voted not to publish the Majority Opinion. This Dissenting Opinion is being published as a matter of my discretion under Appellate Rule 15(A)(2). The unpublished Majority Opinion can be viewed on your computer by accessing the Indiana Supreme Court, Indiana Court of Appeals and Tax Court's Bulletin Board System (BBS) at (317) 233–5308. If you check the case name and cause number of this appeal in the back of your West advance sheets, upon your request, the Clerk of the Supreme Court and Court of Appeals will furnish you a copy of the Majority Opinion. The Clerk's telephone number is (317) 232–1930.

The Majority incorrectly determined an insurance coverage issue and reversed the

summary judgment granted to National Insurance Association by the trial court. The Majority determined that Robert's intent cannot be inferred from his conduct. After Robert was successful in stealing his grandmother's car, he and his girlfriend, Melissa Coy, drove to North Carolina. Later, they stopped at a service station and left without paying for their gasoline. A short time later, their car was spotted by the police and they were pulled over to the side of the road; however, with Robert at the wheel, they immediately decided to flee from the police at a high rate of speed—up to one hundred miles per hour. During his high speed attempt to evade the police, who were in pursuit, Robert crossed the center line of the highway several times and at the same time drove toward oncoming automobiles. To continue his dangerous evasion of the police, Robert passed other cars in no passing zones and ran at least one stop light. Robert stated that during his evasive maneuvers he and Melissa kissed knowing that they "may crash and die, but at least [they] would [be] together." Record at 206. After crossing over the center line of the highway several times, he struck the Miller car. Robert's car flipped over and struck a utility pole. Melissa died.

An intentional act within the exclusionary clause of the insurance contract is a volitional act " 'with an intent to cause injury, although not necessarily the precise injury or severity of damage that in fact occurs.' " *Allstate Ins. Co. v. Herman*, 551 N.E.2d 844, 845 (Ind.1990) (quoting *Home Insurance Co. v. Neilsen*, 165 Ind.App. 445, 332 N.E.2d 240, 242 (1975), *trans. denied*). Actual intent does not have to be proven. Instead, when the nature and character of the act are such that logic dictates that the harm must have been intended, the intent to harm can be inferred as a matter of law. *Neilsen*, 332 N.E.2d at 244. Although several court of appeals cases (and the Majority) have held that the actor must intend the harm to the particular victim, the Indiana Supreme Court has not applied that requirement in the case of inferred intent. *Allstate*, 551 N.E.2d at 845–46. Instead, so long as the insured was

"deliberately committing an act which any reasonable person would deem calculated to cause injury," his acts would fall within the exclusionary clause. *Id.* at 846.

Here, the undisputed evidence shows that Robert intended to evade the police and intended to commit any acts necessary to do so. Although he may not have specifically intended to harm Melissa, he did intend to do whatever was necessary to escape, including injuring himself, Melissa or someone else. Robert knew that his actions could result in his death or Melissa's death as reflected by his statement that he kissed Melissa goodbye "in case of an accident." Record at 205. His intentional acts of driving at high speeds, crossing the center line in the path of oncoming traffic, and passing cars in no passing zones are such egregious acts that intent can be inferred as a matter of law. *Id.* at 845 (citing *Auto–Owners Ins. Co. v. Smith*, 376 N.W.2d 506, 510 (Minn.Ct.App.1985)). Any reasonable person would deem his actions calculated to cause injury or death. *Id.* at 846.

I would affirm the trial court's grant of summary judgment in favor of National Insurance Association.