# FOR PULBICATION

ATTORNEYS FOR APPELLANT:

**KARL L. MULVANEY**
**BARRY C. COPE**
**BRIANA L. KOVAC**
Bingham Greenbaum Doll LLP
Indianapolis, Indiana

**BARBARA I. MICHAELIDES**
**AGELO L. REPPAS**
Bates Carey Nicolaides LLP
Chicago, Illinois

ATTORNEYS FOR APPELLEE-
PLAINTIFF ROBERT LODHOLTZ:

**CHARLES P. RICE**
**PATRICK D. MURPHY**
Boveri Murphy Rice, LLP
South Bend, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

GRANITE STATE INSURANCE COMPANY,        )
                                        )
    Appellant,                           )
                                        )
           vs.              )      No. 71A04-1111-CT-635
                                        )
ROBERT LODHOLTZ and                     )
PULLIAM ENTERPRISES, INC.,              )
                                        )
    Appellees.                           )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Margot F. Reagan, Judge
Cause No. 71D04-1106-CT-135

**December 14, 2012**

**OPINION – FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Robert Lodholtz was seriously injured while working in a facility operated by Pulliam Enterprises, whose commercial general liability carrier was Granite State Insurance Company. On June 24, 2011, Lodholtz sued Pulliam, who contacted York Rick Services, Granite State's claims administrator, ten days later. York requested and received an extension of time to respond to Lodholtz's claim, but did not. As a result, default judgment on the question of liability was entered in favor of Lodholtz on August 23, 2011, and the issue of damages was set for trial. On August 24, York sent a letter to Pulliam's private counsel urging Pulliam to "take immediate action to vacate the default judgment and defend itself in the matter."

Taking matters into its own hands as York had suggested, Pulliam decided to settle with Lodholtz instead of moving to vacate the default judgment. Among other things, Lodholtz agreed that he would not proceed against Pulliam to collect his damages but would instead seek to collect from Granite State and York. About a week after the settlement, Granite State offered to represent Pulliam while reserving the right to deny coverage, an offer Pulliam refused. About two weeks after that, Granite State moved to intervene. The trial court denied Granite State leave to intervene and awarded Lodholtz approximately $3.9 million in damages. In a case that brings to mind the admonition,

2

"Be careful what you wish for, you may receive it[,]"[1] we conclude that the trial court did not abuse its discretion in denying Granite State leave to intervene.

## FACTS AND PROCEDURAL HISTORY

In March of 2011, Lodholtz was seriously injured while working in Pulliam's facility; Pulliam's commercial general liability carrier at the time was Granite State. On June 24, 2011, Lodholtz sued Pulliam, who, ten days later, contacted Granite State's claims administrator, York Risk Services. In a letter dated July 7, 2011, York notified Pulliam that it had set up a file regarding the lawsuit and provided contact information for Dana Laurick, the individual assigned to it. On or about July 8, 2011, York contacted Lodholtz's counsel and requested and received an extension of time in which to answer the complaint on or before August 19, 2011. On or about July 14, 2011, York reassigned the file to John D'Errico, who advised Pulliam the next day that there were some coverage issues to review and that he would follow up once coverage was confirmed. On or about August 17, 2011, D'Errico was promoted and the file was reassigned again, this time to Richard Glaser. At no time before August 19, 2011, did York or Granite State secure counsel for Pulliam, advise it to retain counsel, or follow up concerning the claim. As it happened, August 19, 2011, passed and no answer was filed to Lodholtz's complaint.

---

[1] The warning appears at the beginning of the classic short story "The Monkey's Paw" and is attributed by the author to "Anonymous." W.W. Jacobs, *The Monkey's Paw*, AMERICAN LITERATURE (November 20, 2012, 1:57 p.m.), http://www.americanliterature.com/Jacobs/SS/TheMonkeysPaw.html.

On August 22, 2011, Lodholtz moved for default judgment, which motion the trial court granted the following day while also setting trial on the issue of damages. Also on August 23, 2011, York, apparently unaware that default judgment had been entered, finally advised Pulliam that the Granite State policy did not appear to cover the loss and that an official coverage position would be forwarded to Pulliam. On August 26, 2011, now aware of the default judgment, York sent a letter to Pulliam's private counsel, "urg[ing] that [Pulliam] take immediate action to vacate the default and defend itself in the matter." Appellant's App. p. 36.

On September 7, 2011, Lodholtz, instead of seeking to vacate the judgment, settled with Pulliam, which settlement provided that (1) Pulliam would not move to vacate the default judgment or dispute the amount of damages, (2) Pulliam would assign all of its claims against Granite State and York to Lodholtz, (3) Lodholtz would agree not to execute against Pulliam's assets, and (4) Lodholtz would agree to proceed against Granite State and York to collect any damages. On September 13, 2011, Granite State offered to defend Pulliam under a reservation of rights, including the right to deny coverage. On September 14, 2011, Pulliam rejected Granite State's offer.

On September 28, 2011, Granite State moved to intervene as of right pursuant to Trial Rule 24(A)(2) and to vacate default judgment. In its motion, Granite State denied that it owed Pulliam coverage. On October 28, 2011, the trial court denied Granite State's motion to intervene and heard evidence on damages. On November 1, 2011, the

4

trial court entered a damages judgment in favor of Lodholtz for $3,866,462.[2]   On

November 30, 2011, Granite State filed its notice of appeal.

## DISCUSSION AND DECISION

Granite State contends that the trial court abused its discretion in denying its

motion to intervene.  Indiana Trial Rule 24(A) provides in relevant part as follows:

> Upon timely motion anyone shall be permitted to intervene in an action: ...
> (2) when the applicant claims an interest relating to a property, fund or
> transaction which is the subject of the action and he is so situated that the
> disposition of the action may as a practical matter impair or impede his
> ability to protect his interest in the property, fund or transaction, unless the
> applicant's interest is adequately represented by existing parties.

The grant or denial of a petition to intervene is within the discretion of the trial

court and is reviewed for an abuse of that discretion.  *Herdrich Petroleum Corp. v.*

*Radford*, 773 N.E.2d 319, 324 (Ind. Ct. App. 2002), *trans. denied*.   An abuse of

discretion occurs when the trial court's decision is clearly against the logic and effect of

the facts and circumstances before the court or the reasonable and probable inferences to

be drawn therefrom.  *Id*.

> Indiana cases interpreting Indiana Trial Rule 24(A)(2) have traditionally
> adopted the three-part test followed by the Federal courts in their
> interpretation of its numerical counterpart in the Federal Rules of Civil
> Procedure.  *See Westfield Ins. Co. v. Axsom*, 684 N.E.2d 241, 242 (Ind. Ct.
> App. 1997).  As a matter of law, this test requires that intervenors show (1)
> an interest in the subject of the action, (2) disposition of the action may as a

---

[2] On November 3, 2011, Granite State filed a declaratory judgment action in the United States District Court for the Northern District of Indiana, seeking a judgment that it has no duty to indemnify Pulliam.  *See Granite State Ins. Co. v. Pulliam*, No. 3:11-cv-432 (N.D. Ind. filed Nov. 3, 2011).  On November 4, 2011, Lodholtz filed an action in the United States District Court for the Northern District of Indiana seeking, *inter alia*, to collect the entire judgment from Granite State as Pulliam's assignee.  *See Lodholtz v. Granite State Ins. Co.*, No. 3:11-cv-435 (N.D. Ind. filed Nov. 4, 2011).

5

practical matter impede the protection of that interest, and (3) representation of the interest by existing parties is inadequate. *Id. See also Herdrich Petroleum Corp.*, 773 N.E.2d at 324. In addition, a court must also consider the timeliness of the request in deciding whether or not to grant a motion to intervene. *Westfield Ins. Co.*, 684 N.E.2d at 242. Even though our courts have agreed on the four factors that must be satisfied for intervention of right, our courts disagree on what facts or circumstances are necessary to meet this test. *Id.* Thus, whether a particular factual situation satisfies this three-part test is within the discretion of the trial court. *Herdrich Petroleum Corp.*, 773 N.E.2d at 324.

*Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 13 (Ind. Ct. App. 2006), *trans. denied*.

Granite State contends that its interest in the tort suit is sufficient to support intervention, that its interest is in danger of being impeded barring intervention, and that its interest is not currently being protected. Lodholtz, citing to *Young*, contends that Granite State, because it is still reserving the right to deny coverage, has an interest that is, at best, contingent and insufficient to support intervention as of right.

We agree with Lodholtz. "[W]hen an insurer attempts to intervene in the action between its insured and the injured party but reserves the right to deny coverage, the insurer's asserted interest is not cognizable but rather contingent upon the acceptance of coverage before it becomes colorable for the purposes of Indiana Trial Rule 24(A)(2)." *Id.* at 15. Granite State has consistently reserved the right to deny coverage, offering to defend Pulliam only under a reservation of rights and then maintaining the right to deny coverage in its motion to intervene. This case falls squarely within our holding in *Young*.

Granite State attempts to distinguish *Young*, pointing out, *inter alia*, that the insurer in that case explicitly denied coverage whereas Granite State only reserved the

6

right to and that the insurer twice refused offers to assume the defense, while Granite State was never offered the opportunity. *Id.* at 10-11. We conclude, however, that these factual distinctions are not legally significant;[3] *Young*'s holding is based solely on the fact that an insurer who reserves the right to deny coverage has failed to establish a direct interest pursuant to Trial Rule 24(A), as is the case here.

Granite State also contends that *Young* is anomalous and should not be followed. In support of its argument, Granite State points to *Allstate Ins. Co. v. Herman*, 551 N.E.2d 844 (Ind. 1990), *Hastings Mut. Ins. Co. v. Webb*, 659 N.E.2d 1049 (Ind. Ct. App. 1995), *disapproved of by United Nat'l Ins. Co. v. DePrizio*, 705 N.E.2d 455 (Ind. 1999), and *State Farm Mut. Auto Ins. Co. v. Glasgow*, 478 N.E.2d 918 (Ind. Ct. App. 1985). Again, we must reject Granite State's argument. Neither *Herman* nor *Webb* indicates whether the insurer intervened pursuant to Trial Rule 24(A) ("Intervention of right.") or 24(B) ("Permissive intervention."). *Herman*, 551 N.E.2d at 844-45, *Webb*, 659 N.E.2d at 1051. Moreover, although *Glasgow* mentions in a footnote that an insurer could have intervened in an action and then argued that there was no coverage, the footnote notes

---

[3] If anything, the facts as a whole do not motivate us to try very hard to carve out an exception to *Young* on Granite State's behalf. After all, at least the insurer in *Young* put the insured on notice that it intended to deny coverage in time for the insured to do something about it, whereas Granite State gave no hint to Pulliam that it might deny coverage until after default judgment had already been entered. *Young*, 852 N.E.2d at 10-11. Moreover, when Granite State's surrogate, York, told Pulliam to defend itself, Pulliam did precisely that in settling with Lodholtz. In other words, Granite State got exactly what it asked for and now seeks to intervene because it did not like the results.

Granite State also contends that its failure to take action until after the default judgment was the result of excusable neglect. Given that Granite State still denies coverage, however, *Young* still governs in any event and the question of excusable negligent is irrelevant. Granite State also does not explain how its failure to act was the result of negligence, as opposed to the result of a decision that coverage did not exist.

7

only that the insurer "could have sought *permission* to intervene in the underlying tort action[,]" not that it had the right to intervene. *Glasgow*, 478 N.E.2d at 921 n.2 (emphasis added). Additionally, in none of the three cases cited by Granite State was intervention an issue, and there is no indication in *Herman* or *Webb* that it was opposed. Granite State's reliance on *Herman*, *Webb*, and *Glasgow* is unavailing. Granite State has failed to establish that this case does not fall within our holding in *Young* and so has failed to show that the trial court abused its discretion in denying its motion to intervene.[4]

We affirm the judgment of the trial court.

ROBB, C.J., concurs.

BAKER, J., dissents with opinion.

---

[4] Because we affirm the trial court's denial of Granite State's motion to intervene, we need not reach its argument that it is entitled to relief from the judgment.

8

# IN THE
# COURT OF APPEALS OF INDIANA

GRANITE STATE INSURANCE COMPANY, )
                                    )
      Appellant, )
                                    )
          vs. )     No. 71A04-1111-CT-635
                                    )
ROBERT LODHOLTZ and )
PULLIAM ENTERPRISES, INC., )
                                    )
      Appellees. )

**BAKER, Judge, dissenting.**

I respectfully dissent from the majority's decision to affirm the trial court's denial of Granite State's motion to intervene. In my view, Granite State has demonstrated that its interest in the tort suit is sufficient to support intervention, that its interest is in danger barring intervention, and that its interest is not currently being protected, thus satisfying the requirements of Indiana Trial Rule 24(A)(2).

More particularly, the agreement between Lodholtz and Pulliam purports to make Granite State responsible for satisfying the judgment, thus establishing an interest warranting intervention. Also, Granite State's request to intervene was timely, in that it sought to intervene fourteen days after it learned that Pulliam would neither move to vacate the default judgment nor take any other action to defend itself.

9

It is also apparent to me that Granite State's intervention is the only means available for it to challenge Lodholtz's claim because the doctrine of collateral estoppel may very well prevent Granite State from challenging the judgment in the pending declaratory judgment action. See State Farm Fire & Cas. Co. v. T.B. ex rel. Bruce, 762 N.E.2d 1227, 1231 (Ind. 2002) (holding that collateral estoppel ordinarily binds an insurer to the result of litigation to which its insured is a party). Indeed, the federal court in the pending declaratory judgment action might refuse to entertain any challenge to the judgment because its concern is the entirely unrelated issue as to whether Granite State's policy covers the judgment.

I am mindful of this court's opinion in Cincinnati Insurance Co. v. Young, 852 N.E.2d 8 (Ind. Ct. App. 2006). Although Young would seemingly control the outcome here, I would note that unlike the circumstances in that case, where the insurer repeatedly denied coverage, refused to defend, and did almost nothing to protect its insured, Granite State did not deny coverage. Instead, Granite State was still investigating the matter when it offered to defend under a reservation of rights, and it actively protected its insured through York. Appellant's App. p. 6, 12, 17-24. In my view, Granite State's stance in the matter and the other circumstances here that differ from those in Young are significant.

I would also note that in Young, there was a trial on both liability and damages. Here, neither issue was adjudicated on the merits. And, in my view, absent intervention by Granite State, there will likely never be a full and fair adjudication of either. Indeed,

10

Granite State may be unable to challenge either liability or damages in a separate and subsequent action.

Also, even assuming that the rule announced in <u>Young</u> would control in this instance, permitting Granite State to intervene in these circumstances and participate in this litigation is more efficient and clearly supports our policy preference that matters should be decided on their merits. <u>Citimortgage, Inc. v. Barabas</u>, 975 N.E.2d 805, 812 (Ind. 2012). Furthermore, I believe that the current rule, inasmuch as it restricts insurers from intervening before a coverage decision has been made, will have the unintended consequences of increased costs that will surely be passed along to their insureds by way of higher premiums.

That said, I part ways with the majority's view that Granite State sought to intervene simply "because it did not like the results" when Pulliam and Lodholtz settled. Slip op. at 7, n.3. In short, I believe that the trial court erred in denying Granite State's motion for leave to intervene.