**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2014[*]
Decided May 2, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3078

| | |
|---|---|
| MASCO CORPORATION, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:09-cv-500-RLY-TAB |
| PETER A. PROSTYAKOV, *Defendant-Appellant*. | Richard L. Young, *Chief Judge*. |

**O R D E R**

The parties to this appeal, Peter Prostyakov and his former employer, Masco Corporation, have been suing each other for nearly two decades over events that occurred after Prostyakov left Masco in 1996. As we recounted in an opinion that affirmed an arbitration award in Prostyakov's favor, *Prostyakov v. Masco Corp.*, 513 F.3d

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

716 (7th Cir. 2008), this litigation "should have ended long ago." *Id.* at 272. In this appeal Prostyakov challenges the district court's judgment confirming a second arbitration award between the parties, this one in Masco's favor. He also challenges the district court's sanctions, enjoining him from initiating further suits against Masco and awarding Masco its attorneys' fees. Because the arbitrator acted properly we affirm the confirmation of the arbitral award, but remand for reconsideration of the amount of sanctions.

When the fall of the Soviet Union opened up new business opportunities, Masco (based in Indiana) hired Prostyakov (a Russian citizen) in 1992 to help it sell building, plumbing, and cabinetry products in Russia. For reasons unimportant to this appeal, their business relationship turned sour, and in 1996 Prostyakov and Masco agreed that they would announce an "amicable" separation. Their settlement agreement also provided that any future disputes arising from their work together would be arbitrated.

Prostyakov soon got a new job offer at a Moscow bank. To begin work there, he needed from Masco his "Labor Book," a document that, in a carryover practice from the Soviet era, records a worker's entire employment history, including the reasons that an employment relationship ends. *See generally Prostyakov*, 513 F.3d at 719. Masco delayed turning over the Book, and when Masco finally did, the Book reported that Masco had "dismissed" Prostyakov, not that the separation was "amicable." (Eventually, a Masco employee would reveal that the company had falsified and backdated this entry.) The Moscow bank canceled Prostyakov's employment contract when it learned that the Book reflected that he had been fired from his job at Masco.

Prostyakov asked Masco to correct the Labor Book entry to conform to their agreement. When he received no response, he asked Masco to resolve the issue through arbitration. Again Masco ignored him, so in 1997 Prostyakov sued Masco in Russian court for falsifying the entry, and he obtained a default judgment. Later, in 2003, Prostyakov demanded arbitration in the United States. He sought correction of the Labor Book entry and lost wages, which he asserted continued to accrue while Masco refused to correct the Book. Masco initially resisted arbitration, then counterclaimed for the costs it incurred from the Russian suit. The arbitrator's award, in 2005, specified that Masco's false entry in the Labor Book breached the settlement agreement, but that Prostyakov's Russian suit was also a breach, since he should have instead limited himself to arbitration when he saw the erroneous entry. The arbitrator ordered Masco to correct the Labor Book and awarded Prostyakov three-and-a-half years' worth of what

would have been his salary at the Moscow bank ($630,000 in all). The award explained why this period reflected his full damages:

> Three and one-half years represents the reasonable amount of elapsed time for Prostyakov to have filed, prosecuted and appealed his arbitration claims herein to their final conclusion, which he should have done at the beginning of this dispute in August 1996. . . . [H]e would not be entitled to collect damages from Masco thereafter.

Prostyakov petitioned the district court to confirm the award, *see* 9 U.S.C. § 9, and the court did. After expressing our frustration with Masco, we affirmed in 2008. *Prostyakov*, 513 F.3d 716. Shortly thereafter Masco delivered to Prostyakov an "executive order" correcting the Labor Book entry.

Prostyakov then filed a second notice of arbitration. He asserted (among other claims) that since Masco did not correct his Labor Book until the end of the federal appeal (about five years after the first arbitration started), the first arbitrator's calculation of damages should be "extended" to account for his prolonged injury. The second arbitrator concluded that Prostyakov's claim was barred by res judicata. He reasoned that the first arbitrator had considered and rejected Prostyakov's theory of "continuing damages" and measured his total damages by the amount of time it should have taken Prostyakov to seek and enforce an arbitral award after Masco returned the doctored Labor Book to him.

Prostyakov moved in the district court to vacate the second arbitral award, but the court confirmed the award. After rejecting a flurry of postjudgment motions by Prostyakov, the court observed that Prostyakov could have had no reasonable expectation of vacating the second award. Therefore, at Masco's request, the court sanctioned Prostyakov $25,500 and enjoined him for three years from filing new suits against Masco relating to his termination and the settlement agreement, unless he first received permission from the court to sue.

The principal concern advanced in Prostyakov's discursive appellate briefs (which contain many other tangential and poorly developed contentions) is that the second arbitrator misunderstood the period that the first arbitrator designated for Prostyakov's damages. He insists that the first arbitrator awarded damages for the three-and-a-half years following Masco's falsified entry in his Labor Book in 1996, and he contends that he may pursue another claim for later injuries. But, he complains, the

second arbitrator misinterpreted that award to limit his damages to the three-and-a-half years after the first arbitration began in 2003.

Judicial review of an arbitral award is extremely limited; it is so narrow that we have wondered whether "review" might be a misnomer. *United Food & Commercial Workers, Local 1546 v. Ill.-Am. Water Co.*, 569 F.3d 750, 754 (7th Cir. 2009); *Envtl. Barrier Co. v. Slurry Sys., Inc.*, 540 F.3d 598, 607–08 (7th Cir. 2008); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). As we explained in the first appeal, in which Masco urged us to undo the first arbitration award, "we will uphold the arbitrator's award so long as the arbitrator interpreted the parties' agreement *at all*." *Prostyakov*, 513 F.3d at 723. The standard is no different now that Prostyakov wants to unravel an unfavorable arbitration award.

We view through the lens of this narrow scope of review Prostyakov's argument that the second arbitrator should have awarded more damages for his "continuing" injury, and we conclude that the award is unassailable. The second arbitrator observed that the first arbitrator already considered Prostyakov's continuing-injury argument and interpreted the parties' agreement as disallowing it. Specifically, in construing their agreement, the first arbitrator capped Prostyakov's damages for the period during which Prostyakov should have been able to pursue and conclude arbitration: three-and-a-half years after 1996. The second arbitrator applied res judicata to bar rehashing of that claim. *See, e.g.*, *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011). The arbitrator's procedural decision to apply res judicata is a permissible step in the process of arbitrating a dispute. *See BG Group PLC v. Republic of Arg.*, 134 S. Ct. 1198, 1207 (2014) (noting that arbitrators ordinarily may decide procedural matters that precede an obligation to arbitrate); *Trustmark Ins. Co. v. John Hancock Life Ins. Co. (U.S.A.)*, 631 F.3d 869, 874 (7th Cir. 2011) ("Arbitrators are entitled to decide for themselves those procedural questions that arise on the way to a final disposition, including the preclusive effect (if any) of an earlier award."); *Consolidation Coal Co. v. United Mine Workers of Am., Local Union 1545*, 213 F.3d 404, 407 (7th Cir. 2000). Accordingly, the second arbitral award is beyond attack.

As for the sanctions imposed by the district court, we do not second-guess the court's decision to fine Prostyakov and restrict his filings in light of the legion of meritless motions he made. But we cannot tell how the court arrived at the substantial and oddly precise amount of $25,500. Masco did not ask for a specific sum when it requested sanctions, and the court did not explain where the number came from. Further, the court separately awarded Masco its attorneys' fees, so the fine could not

have reflected the cost to Masco of litigating the suit. Although we generally defer to a district court's determination of the size of monetary sanctions, the court must still provide a "reasoned decision" that lays out its computation. *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1066, 1068 (7th Cir. 2000); *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 387 n.3 (7th Cir. 2008); *Finance Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 534 (7th Cir. 1998). Without that reasoning, the sanctions cannot stand.

Accordingly, we AFFIRM the district court's confirmation of the second arbitral award, and VACATE the sanctions award and REMAND to allow the district court to explain the amount of sanctions before it enters any renewed sanction against him.

Masco also sought sanctions against Prostyakov related to this appeal. Having just granted the partial relief of vacating the trial court sanctions award, we do not find the appeal to have been frivolous and DENY Masco's motion for sanctions on appeal.