In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-8015

IN RE: ROBERT LODHOLTZ, *et al.*,

*Petitioners*,

Petition for Permission to Appeal from the
Northern District of Indiana, South Bend Division.
No. 3:11-cv-00435-RL-CAN — **Rudy Lozano**, *Judge*

SUBMITTED JULY 30, 2014— DECIDED OCTOBER 6, 2014

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*. Before us is a petition filed under 28 U.S.C. § 1292(b) for permission to appeal from an order by the district court on the ground that though not the final order in the litigation it resolved a "controlling question of law" incorrectly, and that correction will expedite the resolution of the entire litigation—in fact end it. See *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675–76 (7th Cir. 2000). We grant the petition, and since the papers filed by the parties cover the merits adequately, we can proceed to the decision of the appeal.

The case has a long tail; we'll simplify. Robert Lodholtz, seriously injured in 2011 while working at a plant owned by Pulliam Enterprises in Indiana, filed a personal injury suit against Pulliam in an Indiana state court. Pulliam asked Granite State Insurance Company, its primary liability insurer, along with New Hampshire Insurance Company, its umbrella insurer and Granite State's parent (but we can ignore it and treat Granite State as the only insurer), to defend and indemnify it against the suit. Granite State declined to do so, believing that Pulliam was not liable because, as an employee injured in the course of his employment, Lodholtz could not maintain a tort suit but only a claim for workers' compensation. Lodholtz disagreed, contending that he'd been employed not by Pulliam but by another firm even though he'd been injured while working on Pulliam's premises. Since he wasn't Pulliam's employee, he had no basis for filing a claim for workers' compensation.

When Pulliam failed to file an answer to the complaint, Lodholtz moved for entry of a default judgment. His motion was granted. But he agreed not to execute his default judgment, and in return Pulliam agreed to assign him its rights against Granite State.

Worried that it might have to indemnify Lodholtz and continuing to insist that he'd been Pulliam's employee when injured, Granite State moved to intervene in Lodholtz's suit in order to assert the defense that Pulliam would have made had it not defaulted. The Indiana trial court denied the motion to intervene and after taking evidence on the amount of damages to which Lodholtz was entitled entered judgment in his favor for almost $4 million.

Within days Granite State filed the present suit in federal district court in Indiana, a diversity suit against Lodholtz and Pulliam seeking a declaratory judgment that Granite State has no duty to indemnify Pulliam. Moving on a different front, a month later Granite State appealed to the Indiana Court of Appeals from the trial court's denial of its motion to intervene in Lodholtz's state court suit against Pulliam. It argued that it had a sufficient interest in the suit to justify intervention in order to prove that Lodholtz's exclusive remedy was under the state's workers' compensation act because he had been employed by Pullman, and not merely working on its premises, when the accident occurred.

The court of appeals affirmed the denial of Granite State's motion to intervene. *Granite State Ins. Co. v. Lodholtz*, 981 N.E.2d 563 (Ind. App. 2012). The court pointed out that Granite State had sought leave to intervene in order to defend Pulliam against Lodholtz's suit under a reservation of rights. That is, Granite State wanted to reserve the right, should Lodholtz obtain any damages in the suit, to try to avoid having to reimburse Pulliam for those damages by showing that it had no duty to indemnify Pulliam. A reservation of rights is problematic from the insured's standpoint. It creates a risk that the insurer will not put up a strong defense to the suit against the insured (Lodholtz's suit against Pulliam), wishing to economize on legal expense and hoping to avoid having to indemnify the insured at all if the latter is hit with a judgment. Mindful of this danger, the Indiana courts forbid the insurer to control the defense of the insured without acknowledging coverage. *Cincinnati Ins. Co. v. Young*, 825 N.E.2d 8, 13–15 (Ind. App. 2006); see also *Travelers Indemnity Co. v. Dingwell*, 884 F.2d 629, 638–40 (1st Cir. 1989). "Such intervention [in the defense of the suit] would

unfairly restrict the insured, who faces the very real risk of an uninsured liability, and grant the insurer 'a double bite at escaping liability.'" *Id.* at 639, quoting *United States Automobile Ass'n v. Morris*, 741 P.2d 246, 251 (Ariz. 1987).

Granite State sought review of the appellate court's decision in the Indiana Supreme Court, and was turned down, ending the state court litigation. Although at both appellate levels Granite State had argued that the judgment in Lodholtz's favor should be vacated, neither court addressed the argument in refusing to allow the insurance company to intervene. We'll come back to this omission.

One might have thought that Granite State's total defeat in the Indiana court system would have doomed its federal suit, based as it was on the same assertion that Lodholtz had been Pulliam's employee. But no; the federal district court, at Granite State's urging after the state courts had finished with the case, ruled that because Lodholtz's employer had "leased" Lodholtz to Pulliam to do work at Pulliam's plant, he had been Pulliam's employee as well, and that therefore the Indiana state court judgment in favor of Lodholtz should be "disregarded." For if, as the federal judge believed, Lodholtz had been Pulliam's employee when injured, the state's workers' compensation act had deprived the Indiana courts of jurisdiction to entertain his tort suit. Indiana courts have no jurisdiction to entertain a tort suit by an injured worker against his employer. *GKN Co. v. Magness*, 744 N.E.2d 397, 400 (Ind. 2001). That is the exclusive domain of workers' compensation, an administrative rather than judicial remedy.

The state trial court, which entered judgment against Pulliam, obviously thought it had subject-matter jurisdiction.

The appellate court must have thought so as well. For it ruled on Granite State's motion to intervene, and it would have lacked jurisdiction to do so had the trial court lacked jurisdiction of Lodholtz's suit. The trial court and the appellate court knew of course that Granite State wanted to argue that the courts had no jurisdiction over Lodholtz's tort case—that jurisdiction to award him compensation lay solely in the Workers Compensation Board of Indiana. The trial or appellate court could easily have said "now that we know there may be a question of our subject-matter jurisdiction we'd better answer it, mindful of our independent duty to police our jurisdiction." That neither Indiana court said or hinted at this indicates that both were satisfied that there was jurisdiction. The trial court had awarded millions of dollars in damages to Lodholtz, all premised on a finding that he was not Pulliam's employee. The appellate court had no reason to doubt that the trial court had had jurisdiction to make such an award.

The question for us therefore is whether a federal court can ignore a state court judgment on the ground that the state court misconceived its jurisdiction over the case, and thus whether it is open to Granite State to try to prove in its federal case that Lodholtz really was an employee of Pulliam and therefore the state courts had no jurisdiction of his suit against Pulliam.

Rule 60(b)(4) of the Federal Rules of Civil Procedure authorizes a federal district court to relieve a party from a final judgment if the judgment is "void" (Indiana has the same rule for its courts: Indiana Rule of Trial Procedure 60(B)(6).) The normal procedure is to file a motion in the court that rendered the judgment. But Rule 60(d)(1) authorizes "an in-

dependent action to relieve a party from a judgment." This is an authority to be exercised rarely; collateral attacks on subject-matter jurisdiction are to be discouraged, as the Supreme Court said in *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 152–54 (2009). Though the bar is not absolute, see *id*. at 153 n. 6, it is to be lifted only in "egregious" cases. As for other cases "the courts say that the court that issued the judgment in excess of its jurisdiction had jurisdiction to determine jurisdiction, and its jurisdictional finding, even if erroneous, is therefore good against collateral attack, like any other erroneous but final judgment." *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992); *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000).

One might have thought that because the Indiana courts denied Granite State's motion to intervene, the insurance company never had a chance to argue absence of jurisdiction as a party to the litigation. As we know, that is not true; we know that Granite State made the argument—indeed the argument was the entire premise of its refusal to cover Lodholtz's liability to Pulliam. Had Granite State been willing to relinquish its reservation of rights, its motion to intervene would have been granted. It was not willing; and in asserting a reservation of rights it was trying to undermine the Indiana law that gives the insured the right to manage its own defense when the insurer reserves the right to deny coverage.

The Supreme Court of the United States is the only federal court with appellate authority over state courts; that is the *Rooker-Feldman* doctrine. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). But even the Supreme Court

would have had no authority over the Indiana courts in *Lodholtz v. Pulliam* because no issue of federal law was involved in that litigation. Granite State has struck out. The jurisdictional issue on which its federal suit is based was resolved against it by the Indiana courts, and there is no ground for a collateral attack by another judicial system on that determination.

The judgment is reversed and Granite State's suit dismissed.