**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 1, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2471

| | |
|---|---|
| WILLIAM JACKSON, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 13 C 2533 |
| OWENS CORNING/FIBREBOARD ASBESTOS PERSONAL INJURY SETTLEMENT TRUST, | Elaine E. Bucklo, *Judge*. |
|     *Defendant-Appellee*. | |

## O R D E R

Owens Corning Corporation, a manufacturer of fiberglass insulation, filed for Chapter 11 bankruptcy in 2000 amid a slew of asbestos-related litigation. The company's reorganization plan—approved by the bankruptcy court in 2006—created the Owens Corning/Fibreboard Asbestos Personal Injury Settlement Trust, which assumed all of the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

company's liabilities for asbestos-related personal-injury claims. *See* 11 U.S.C. § 524(g). The plan also established procedures for processing such claims. William Jackson submitted a claim to the Trust. The claim was rejected, first by the Trust and later by an arbitrator. Jackson sued the Trust in Illinois state court, lost, and then sued the Trust again in federal court. The district court concluded that claim preclusion barred the suit and entered judgment for the Trust. Nine months later, Jackson filed a motion for reconsideration, which the district court denied. Jackson challenges that ruling. Because we conclude that the district court acted well within its discretion when it denied Jackson's motion, we affirm.

Section 524(g) of the Bankruptcy Code, 11 U.S.C. § 524(g), allows a bankrupt company facing claims for damages "caused by . . . asbestos" to create a trust that will assume the company's asbestos liabilities. The provision also empowers bankruptcy courts to enter an injunction that channels such claims to the trust. *See In re W.R. Grace & Co.*, 729 F.3d 311, 315, 319–20 (3d Cir. 2013); *In re Quigley Co.*, 676 F.3d 45, 48 (2d Cir. 2012). To protect future claimants' right to due process, the statute imposes requirements, not at issue here, that must be satisfied before the bankruptcy court may issue a channeling injunction. *See In re Federal-Mogul Global Inc.*, 684 F.3d 355, 359 & n.9 (3d Cir. 2012) (describing the statutory requirements); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 234 & n.45 (3d Cir. 2004) (same). For our purposes, it is important only to note that trusts established under § 524(g) designate distribution procedures that govern the processing and payment of claims. *See Federal-Mogul*, 684 F.3d at 360 & n.12 (describing the typical distribution procedures).

When the Trust rejected Jackson's claim, he requested that the claim be submitted to nonbinding arbitration, as provided by the governing distribution procedures. The arbitrator determined that Jackson was not entitled to any compensation, entered an award of $0 on July 8, 2010, and sent a notice of the decision to the parties on July 13. Under the Trust's procedures, a claimant may reject the arbitrator's decision and commence litigation only if he notifies the Trust of the rejection within 30 days after the decision is issued. Otherwise, the arbitrator's decision is "deemed accepted by both parties."

Jackson waited until August 20, 2010, to notify the Trust of his wish to reject the arbitrator's decision, thus missing the 30-day deadline. He then sued the Trust in the Circuit Court of Cook County. The court dismissed the suit, concluding that it was barred because Jackson had not timely rejected the arbitration award. The Appellate

Court of Illinois affirmed, and the Supreme Court of Illinois denied Jackson's petition for leave to challenge the appellate court's ruling.

Jackson then repeatedly sued the Trust in federal court. His first two federal suits were dismissed because he did not allege any basis for subject-matter jurisdiction. Jackson sued a third time, asserting diversity jurisdiction: he is a citizen of Illinois and he alleged in his complaint that the trustees are citizens of South Carolina, Texas, and Wisconsin. The Trust moved to dismiss the suit as barred by claim preclusion, and the district court granted the motion on that ground. Nine months later Jackson moved for reconsideration under Rule 60(b). He maintained that the Trust had fraudulently obtained its state-court victory by submitting false medical evidence. Thus, he argued, the state-court judgment should not have foreclosed his federal suit. The district court denied the motion, and Jackson appeals that decision.

Before addressing the merits of Jackson's appeal, we briefly comment on two jurisdictional issues that the Trust has raised. The Trust contends that Jackson's motion for reconsideration challenges the state court's judgment and thus is barred by the *Rooker-Feldman* doctrine. This contention is incorrect. The *Rooker-Feldman* doctrine "deals with situations in which the state court's decision is the *source* of the harm that the federal suit is designed to redress." *Simmons v. Gillespie*, 712 F.3d 1041, 1043 (7th Cir. 2013) (emphasis added); *GASH Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993). Although Jackson's motion for reconsideration suggests that he is unhappy with the state-court judgment, the harms that he seeks to redress through his federal suit arise from the asbestos-related injuries he says he suffered and the Trust's refusal to compensate him for those alleged injuries. None of these harms stems from the state court's decision.

The Trust alludes to another jurisdictional issue by stating in its brief that, "as one of the Trustees . . . is a citizen of Illinois, the parties lacked complete diversity of citizenship." Although we generally will examine a district court's subject-matter jurisdiction, the Trust's suggestion comes too late. This is not a direct appeal; Jackson is appealing from an attempted collateral attack on a final judgment, and subject-matter jurisdiction generally "may not be attacked collaterally" by a party. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009) (internal quotation mark omitted); *see In re Lodholtz*, 769 F.3d 531, 534 (7th Cir. 2014).

As to the merits, we conclude that Jackson's appeal is baseless. We review the denial of a motion under Rule 60(b) for abuse of discretion, *see Nash v. Hepp*, 740 F.3d

1075, 1078 (7th Cir. 2014), and there is no question that the district court's decision to deny Jackson's motion was reasonable. Jackson argued in the motion that claim preclusion should not bar his federal suit because the Trust had obtained its state-court victory by submitting false medical evidence. But for two reasons this argument cannot justify relief under Rule 60(b). First, Jackson could have raised the argument *before* judgment was entered by the district court, and "Rule 60(b) may not be used to propound new legal theories that could have been raised prior to entry of judgment." *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010); *see Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). Second, even on its own terms Jackson's argument is fallacious. Medical evidence did not influence the state courts; the state trial and appellate courts both explained that Jackson could not sue the Trust because he had not provided timely notice that he was rejecting the arbitrator's award. Thus, the state courts reasoned, he was bound by the arbitrator's decision. The district court therefore reasonably left its own judgment intact.

AFFIRMED.