> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2017[*]
Decided April 20, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-3803

| | |
|---|---|
| MASCO CORPORATION, <br>     *Plaintiff-Appellee*, <br><br> *v.* <br><br> PETER A. PROSTYAKOV, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:09-cv-00500-RLY-TAB <br><br> Richard L. Young, <br> *Judge*. |

**O R D E R**

    This is a frivolous appeal. Peter Prostyakov and Masco Corporation have been suing each other since their business relationship fell apart more than 20 years ago, when Masco discharged Prostyakov. Their dispute precipitated two arbitrations for claims for breach of contract. See *Prostyakov v. Masco Corp.*, 513 F.3d 716 (7th Cir. 2008); see also *Masco Corp. v. Prostyakov (Masco Corp. II)*, 593 F. App'x 570 (7th Cir. 2015); *Masco Corp. v. Prostyakov (Masco Corp. I)*, 558 F. App'x 685 (7th Cir. 2014). We have

---

[*] This successive appeal has been submitted to a quorum of the original panel under Operating Procedure 6(b), Judge John D. Tinder having retired since the time of our original decision. See 28 U.S.C. § 46(d).

previously affirmed the district court's decisions to confirm the arbitration awards, see *Prostyakov, supra*, 513 F.3d at 727; *Masco Corp. I, supra*, 558 F. App'x at 688, and to sanction Prostyakov with a fine of $25,500 for filing needless motions, see *Masco Corp. II, supra*, 593 F. App'x at 570–71.

Undeterred, Prostyakov returned to the district court. Invoking FED. R. CIV. P. 60(b)(3), which allows district courts to reopen cases based on fraud, he asked the court to overturn its prior judgments. He observes that the district court's original decision confirming the first arbitration award included the sentence "Prostyakov was discharged for alleged theft." Prostyakov contends that Masco fabricated that allegation. But Prostyakov was aware of that allegation throughout this entire litigation, so it is not new. He had an opportunity to challenge the allegation during the arbitration, in the district court *before* it confirmed the arbitration awards, and on direct appeal from that confirmation. He may not do so, however, through a collateral attack under Rule 60(b)(3). "Otherwise 'fraud on the court' would become an open sesame to collateral attacks, unlimited as to the time within which they can be made by virtue of the express provision in Rule 60(b) on this matter, on civil judgments." *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 578 (7th Cir. 1997).

Because this appeal is frivolous, we give Prostyakov 14 days to show cause why we should not impose a sanction of $5,000.

AFFIRMED.